**ARIEL MELCHIOR, JR., Plaintiff**

**v.**

**HENRITA TODMAN, Supervisor of Elections of the**

**Government of the Virgin Islands, Defendant**

Civil No. 360

District Court of the Virgin Islands

Div. of St. Thomas and St. John

November 2, 1968

*See, also, 296 F.Supp. 900*

MAAS, IRELAND & BRUNO, Charlotte Amalie, Virgin Islands (THOMAS D. IRELAND, Charlotte Amalie, Virgin Islands, of counsel) and KARPATKIN, OHRENSTEIN & KARPATKIN, New York, New York (MARVIN M. KARPATKIN, MICHAEL N. POLLETT and WILLIAM E. CRAIN, New York, New York, of counsel), *for plaintiff*

FRANCISCO CORNEIRO, Attorney General of the Virgin Islands, *for defendant*

HASTIE,* *Chief Circuit Judge*

### OPINION AND DECLARATORY DECISION

Section 584(c)(4) of Title 18, Virgin Islands Code, provides that where a voter in a territorial election shall mark his ballot in the "Party Column" to show that he votes for all candidates of a qualified political party and in addition shall vote for one or more individual candidates not of that party, the straight party vote shall be counted and the other individual vote or votes shall be disregarded.

The plaintiff, Ariel Melchior, Jr., is one of the fourteen persons listed on the official ballot, prepared for use in the District of St. Thomas—St. John at the November 5, 1968 general territorial election, as qualified candidates for six contested elective positions as Senators resident in St. Thomas. He is one of three independent candidates. Six of the other candidates are nominees of the Democratic Party. The remaining five are nominees of the Republican Party.

Candidate Melchior, Jr., complains that the defendant Supervisor of Elections and those who will count and record votes under her supervision propose to apply section 584(c)(4) in a way that will be unlawfully detrimental to Melchior and other candidates. More particularly, he anticipates that some voters may mark their ballots to show

---

* Sitting by designation.

both a straight party vote and a vote or votes for individual candidates not of that party. In that situation, he alleges that the responsible election officers, acting pursuant to the mandate of section 584(c)(4), propose to count the straight party vote and to disregard the additional vote or votes for any other individual candidate or candidates. He complains that such action would be arbitrary and invidiously discriminatory and he asks the court to grant such declaratory or injunctive relief as will prevent it.

By stipulation, approved by this court on October 30, 1968, the parties have disposed of the situation in which an elector shall vote the straight Republican ticket (thus indicating his choice of the five Republican candidates for Senators resident in St. Thomas) and also shall vote for one other candidate for Senator resident in St. Thomas. The parties have agreed that in such a case all six votes shall be counted and no effect shall be given to section 584(c)(4).

There remains for adjudication the situation where a ballot shall be marked either to show both a straight Democratic vote (indicating a choice of the six Democratic candidates) and a vote for one or more of the other candidates individually, or to show a straight Republican vote accompanied by votes for two or more other candidates individually. Since only six Senators resident in St. Thomas are to be elected, any such attempted vote for seven or more candidates cannot be effective as marked and apparently intended. Moreover, any such voter has not indicated a preference for six or any lesser number of the seven candidates he has selected.

It is in this situation that the Legislature has undertaken through section 584(c)(4) to make a choice for the voter, requiring that his attempted vote for seven or more

candidates be counted as a vote for the indicated straight party ticket and disregarded as an attempted vote for the other individual candidate or candidates whose name or names he has marked.

■ In the judgment of this court section 584(c)(4) thus applied is an arbitrary and invalid imposition of legislative preference where the voter has failed to indicate his own. Such action also discriminates unlawfully against the independent candidate because the attempted vote for him is treated as inferior to and less worthy of counting than a group vote for party nominees. Thus, its effect in the situations under consideration is to deprive independent candidates for elective office of that "equal protection of the laws" that is guaranteed to them by Section 3 of the Revised Organic Act of the Virgin Islands, 48 U.S.C.A. § 1561.

The court also observes that, though time for research has been very limited, no state law has been found that goes as far as section 584(c)(4) in imposing legislative preference to make a ballot valid in part and invalid in part where the voter has voted for more candidates than the law permits. At least one state court of last resort has held that a statute like section 584(c)(4) is invalid. Murchie v. Clifford, 1911, 76 N.H. 99, 79 A. 901.

■ It is the ruling of this court that the only fair and non-discriminatory disposition of a ballot such as this suit contemplates, where the elector attempts to vote for seven or more Senatorial candidates resident in St. Thomas, will be to treat it as invalid or spoiled as concerns the office of Senator resident in St. Thomas. It should not be counted at all for that office despite the provision of section 584(c)(4). This, however, does not prevent a straight party ballot, which is defective only in connection with the vote for Senators resident in St. Thomas, from being a valid vote for the party nominees for the offices of

Senator-at-large, Senator resident in St. John and Washington Representative, all of which also appear on the ballot.

The court believes that the issuance and announcement of its rulings and decision in this form will result in full compliance by those charged with the administration of the approaching territorial election. It is also to be hoped that this decision will serve to focus the attention of voters upon the proper method of marking ballots so that few, if any, of them will spoil or waste their ballots by voting for more than a lawful number of candidates for any office.

No further formal injunctive or declaratory order will issue in this case unless requested by a party in the light of some untoward occurrence not now anticipated.