845 F.2d 325
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel J.M. DAVIS, Jr., Plaintiff-Appellant,
v.
W. Otis HIGGS, Jr., Defendant-Appellee.
 No. 87-5343.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1988.
 
 Before BOYCE F. MARTIN, Jr., WELLFORD and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 This pro se plaintiff, a federal prisoner incarcerated at the Federal Correctional Institution in Seagoville, Texas, appeals the final judgment of the district court dismissing his petition seeking a writ of mandamus filed under 28 U.S.C. Sec. 1361. This court has jurisdiction under 28 U.S.C. Sec. 1291 (1982). See Stapleton v. Board of Elections, St. Thomas-St. John, 821 F.2d 191 (3d Cir.1987). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Davis sued his court appointed attorney in an attempt to compel him to file papers in the federal district court in Tennessee to correct purported clerical errors contained in his commitment orders. Davis maintains that he ought to be eligible for parole after 16 months imprisonment, but as the records now stand he will have to serve a minimum of 48 months because the records do not reflect that the eight year sentence imposed by Judge McRae was imposed under 18 U.S.C. Sec. 4205(b)(2). That section of the code provides that "the court may specify that the prisoner may be released on parole at such time as the (Parole) Commission may determine."
 
 
 3
 The district court dismissed the petition for lack of jurisdiction, noting that the defendant was not an officer or employee of the United States government. 28 U.S.C. Sec. 1361. Upon review, we conclude that for the reasons stated in its order dated March 17, 1987, the district court was correct in declining to issue a writ of mandamus against a private attorney. It appears, however, that the plaintiff's petition might properly be construed as a motion for correction of a clerical error (see Rule 36, Fed.R.Crim.P.), and we therefore remand the case to the district court for evaluation of the petition in that light. Rule 9(b)(6), Rules of the Sixth Circuit.